# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANNA BAKER,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-469-Orl-19JGG**

**NOSO, INC., d/b/a The Blue Room,**
**JEFFREY WINSTON,**

          **Defendants.**

_____

# **ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 45)**
>
> **FILED:** March 5, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. Plaintiff shall refile her motion for entry of default with evidentiary support on or before April 20, 2007.

## I. PROCEDURAL HISTORY

On April 5, 2006, Plaintiff Anna Baker filed a complaint against Defendants NOSO, Inc. d/b/a The Blue Room ["NOSO"] and Jeffrey Winston. Docket No. 1. Baker seeks to hold Defendants liable for failing to pay her the minimum wage for her work as a waitress pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 ["FLSA"] and Florida law. *Id.* On May 3, 2005, Defendants, through attorney Daniel Fisher, filed an answer to the complaint. Docket No. 9. Attorney Eric Frommer also filed a notice of appearance on behalf of Defendants. Docket No. 22.

On May 11, 2006, the district court entered an FLSA Scheduling Order, ordering Plaintiff to file answers to Court interrogatories within fifteen days and Defendants to serve on Plaintiff and file with the Court a Verified Summary (of hours worked by Plaintiff, the rate of pay, and wages paid, if any) within fifteen days of the date Plaintiff filed answers to the Court's interrogatories.  Docket No. 15. at 1.  In the Scheduling Order, the district court also stated:

> Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines. Exceptions will be granted only for compelling reasons. Failure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings.

*Id.* at 3.

Plaintiff filed her answers to the Court's interrogatories on May 26, 2006.  Docket No. 18. On June 9, 2006, Defendants sought an extension of time to June 22, 2006 to file their Verified Summary.  Docket No. 19.  The Court granted the extension.  Docket No. 20.

On June 30, 2006, Defendants filed a "Response to Order to Produce Verified Summary of Hours Worked" in which they state that they have been "aggressively searching for the necessary documents to fully and accurately respond [to the FLSA Scheduling Order,] but is [sic] experiencing difficulties in securing the appropriate documents and seeks additional time (10 days) to locate the proper paper and pursue settlement options."  Docket No. 21.[1]  On July 17, 2006, Defendants filed an unopposed motion for extension of time to July 28, 2006 to file a Verified Summary.  Docket No. 24.  The district court granted the extension.  Docket No. 25.

---

[1] Although Defendants asked for a ten-day extension to file their Verified Summary, they failed to seek relief in the form of a written motion, and rather, improperly buried this request in a "Response" to the Court's order.

On August 1, 2006, Defendants filed another unopposed motion for extension of time to file their Verified Summary. Docket No. 26. The district court granted an extension to August 14, 2006. Docket No. 27.

Defendants did not file the Verified Summary. Instead, on September 29, 2006, counsel for Defendants filed three motions to withdraw. Docket Nos. 31, 32, 33. In their first motion to withdraw, counsel stated that Defendants "have failed to honor their fee agreement" and that Defendants were now "represented by the firm Trivedi & Katz, LLC, who's [sic] address is 18 West Pine Street, Orlando, Florida 32801 . . ." Docket No. 31. In their second motion to withdraw, counsel state that they seek to withdraw because Defendants have failed to correspond or cooperate with counsel. Docket No. 32. Their third "amended" motion to withdraw is similar to their second motion. Docket No. 33.

On September 21, 2006, the Court denied leave to withdraw as counsel "without prejudice to file a motion for substitution of counsel that complies with Local Rules 2.03(b) and 3.01(g)." Docket No. 34. The Court further noted that Defendant NOSO, Inc. may appear and be heard only through counsel admitted to practice in this Court pursuant to Local Rule 2.03(e); and that "Trivedi & Katz, LLC have filed no notice of appearance, and therefore do not represent Defendants in this lawsuit." *Id.* The Court also stated: "Defendants have failed to file with the Court a Verified Summary of all hours worked by Plaintiff on or before August 14, 2006 . . . . Failure to comply on or before September 28, 2006 may result in the striking of pleadings or entry of default." *Id.*

On September 25, 2006, attorneys Fisher and Frommer (counsel for Defendants) filed "Response[s] to Order to Show Cause."[2] Docket Nos. 35, 36. In their responses, counsel explain that their failure to file the Verified Summary was the result of a "breakdown in communications with Defendants," and that Defendants' "general counsel Katz & Associates" told Fisher and Frommer that they had been terminated as counsel for Defendants. *Id.* Counsel asked the Court for "a 30 day abatement of proceedings to allow Defendants, NOSO, Inc. and Jeffrey Winston time to consult with and obtain new counsel." *Id.*[3]

No new counsel filed a notice of appearance, and Fisher and Frommer did not renew their motions to withdraw. Defendants further did not file their Verified Summary. On December 13, 2006, Plaintiff asked the Court to strike Defendants' pleadings for failure to file the Verified Summary as ordered. Docket No. 38. Two days later, the district court ordered Defendants to show cause why they had failed to file the Verified Summary and to file the Verified Summary within eleven days of the date of the order. Docket No. 39. The district court warned: "Failure to comply with this Order may result in the imposition of appropriate sanctions, to include but not limited to entry of default, without further notice." *Id.*

Defendants did not respond to the show cause order; did not file the Verified Summary; and did not oppose Plaintiff's motion to strike. On January 11, 2007, the district court found that "[t]he record in the instant case demonstrates a clear record of delay by Defendants." Docket No. 42 at 3. The district court granted Plaintiff's motion to strike, and directed the Clerk to enter

---

[2] The Court had not entered an order to show cause. Rather, the Court ordered Defendants to file the Verified Summary. *See* Docket No. 34.

[3] Again, although counsel included a motion for extension of time in their "Response[s]," they did not file and docket the responses as motions for relief.

default against the Defendants as a sanction, finding that lesser sanctions "would not suffice." *Id.* at 4; *see also* Docket No. 40. The Clerk entered default against both Defendants, (Docket No. 41), and the district court directed Plaintiff to "make application in appropriate evidentiary form for a default judgment." Docket No. 42 at 4.

On March 5, 2007, Plaintiff filed the motion for default judgment against Defendants (now before the Court). Docket No. 45. Plaintiff asks that the Court enter judgment against Defendants in the amount of $1,604.22 in unpaid wages and $1,604.33 in liquidated damages, and award $4,087.50 in fees and costs. *Id.* at 6. In the motion, Plaintiff refers to an affidavit by Plaintiff, but she failed to file the affidavit. *See id.* at 1, n.1. Instead, Plaintiff filed only an "Affidavit of Attorney's Fees and Costs in Support of Motion for Entry of Default Final Judgment" in which Plaintiff's counsel attests to the amount of time and fees expended in this case. Docket No. 45-2.

## II. THE LAW

### A. Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a). Rule 55 (b)(2) further provides:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . . **If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary** and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(2) (bold emphasis added).

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997), *citing Nishimatsu*, 515 F.2d at 1206. A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987), *citing Nishimatsu*, 515 F.2d at 1206.

### III.   ANALYSIS

Plaintiff has not submitted "appropriate evidentiary" support for her motion for entry of default judgment, as ordered by the district court. *See* Docket No. 42 at 4. Accordingly, it is

**ORDERED** that her motion for entry of default judgment [Docket No. 45] is **DENIED** without prejudice. Plaintiff shall file a renewed motion for entry of default judgment with sufficient evidentiary support on or before April 20, 2007.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party